UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-CV-23798-WILLIAMS/TORRES

MAGALIE CAUVIN,

    Plaintiff,

v.

BAPTIST HEALTH SOUTH FLORIDA, INC.,
a Florida Not For Profit Corporation,

    Defendant.

_____/

**DEFENDANT'S ANSWER AND STATEMENT
OF DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, BAPTIST HOSPITAL OF MIAMI, INC. ("Defendant"),[1] by and through its undersigned counsel, files its Answer and Statement of Defenses to the Complaint filed by Plaintiff, MAGALIE CAUVIN ("Plaintiff"), as follows:

In response to the unnumbered paragraph entitled preceding Paragraph 1 of Plaintiff's Complaint, Defendant avers that Plaintiff has filed a Complaint against it, except denies that Plaintiff is entitled to any relief or damages in this matter. Defendant avers that Plaintiff's employer was Baptist Health Miami, Inc.

**INTRODUCTION**

1. Defendant avers that Plaintiff has asserted an action pursuant to the Chapter 760 of the Florida Civil Rights Act of 1992 ("FCRA") and the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 to 12212, and purportedly pursuant to

---

[1] Plaintiff was employed by Baptist Hospital of Miami, Inc. Plaintiff incorrectly identifies Baptist Health South Florida, Inc. as her employer.

Section 440.205, Florida Statutes. Defendant denies that it violated any of the aforementioned statutes and that Plaintiff is entitled to any relief in this action.

## JURISDICTION AND VENUE

2. Defendant admits that it is a Florida corporation that conducts business from the address referenced in Paragraph 2 of the Complaint. The remaining allegations contained in Paragraph 2 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

3. Defendant admits that Plaintiff's complaint seeks relief under Florida law in excess of $15,000, but denies that Plaintiff is entitled to any relief in this action. The remaining allegations contained in Paragraph 3 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

4. Defendant admits that it does business in Miami-Dade County and that Plaintiff was employed by Defendant to perform work there. The remaining allegations contained in Paragraph 4 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

5. Defendant denies knowledge or information sufficient to form a belief as to the identity of the witnesses referenced in Paragraph 5 and the knowledge any witnesses possess and, therefore, denies such allegations. The remaining allegations contained in Paragraph 5 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

6. Defendant avers that the documents attached to the Complaint as Exhibits A and B appear to be Plaintiff's EEOC Charge No. 510-2017-02313 and right to sue notice,

respectively.  The remaining allegations contained in Paragraph 6 of the Complaint call for legal conclusions to which no response is required.  To the extent a response is required, Defendant denies such allegations.

7. Defendant admits that it was aware of the Right to Sue notice for EEOC Charge No. 510-2017-02313 attached to the Complaint as Exhibit B.  Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

## PARTIES

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and, therefore, denies such allegations.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

## GENERAL ALLEGATIONS

10. Defendant avers that it employed Plaintiff as a nurse from on or about February 2, 2002 through July 13, 2016.  Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant avers that Plaintiff was injured while working at Baptist Hospital Miami, which is located in Kendall, Florida on or about December 16, 2013.  Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendant avers that at the time of her December 16, 2003 injury, Plaintiff was assigned to Defendant's "Mother/Baby Unit."  Defendant denies that Plaintiff was a Senior Registered Nurse as asserted in Paragraph 12 of the Complaint and avers that Plaintiff's job title as of December 16, 2003 was "Proficient RN."  Defendant denies knowledge or information

sufficient to form a belief as to the assertion of the "highly coveted" nature of the role and, therefore, denies such allegations. Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant avers that it employed Plaintiff as a Proficient RN assigned to the Mother/Baby Unit. Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits that Plaintiff suffered a work-related injury requiring medical assistance. Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 14 of the Complaint and, therefore, denies such allegations.

15. The allegations contained in Paragraph 15 of the Complaint regarding the benefits to which Plaintiff may have been entitled under Florida law call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations. Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. The allegations contained in Paragraph 16 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies such allegations.

19. The allegations contained in Paragraph 19 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant avers that it timely authorized benefits for Plaintiff. Defendant denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant avers that the authorized scope of Plaintiff's medical care did not initially include treatment for her neck. Defendant denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies knowledge or information enough to form a belief as to the true of the allegations contained in Paragraph 29 of Complaint and, therefore, denies such allegations.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Complaint and, therefore, denies such allegations.

33. Defendant denies knowledge or information sufficient to form a belief as to the treatment Plaintiff could afford and, therefore, denies such allegations. Defendant denies the remaining allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits that Plaintiff was on temporary disability leave and was given work restrictions because of her injuries. Defendant denies the remaining allegations contained in Paragraph 34.

35. Defendant avers that Plaintiff had some injuries requiring accommodations. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Complaint and, therefore, denies such allegations.

36. Defendant admits that Plaintiff was accommodated with work at a desk/work station and that she was switched to another position to further accommodate her injury. Defendant denies knowledge or information sufficient to form a belief as to the truth of

Case 1:19-cv-23798-KMW Document 5 Entered on FLSD Docket 09/19/2019 Page 7 of 18

CASE NO. 19-CV-23798-WILLIAMS/TORRES

the remaining allegations contained in Paragraph 36 of the Complaint and, therefore, denies such allegations.

37. Defendant avers that it held Plaintiff's position for 21 months and that Plaintiff was advised that her position in the Mother/Baby Unit would be posted due to Defendant's patient care and staffing needs. Defendant denies the remaining allegations contained in Paragraph 37 of the Complaint.

38. Defendant avers that it accommodated Plaintiff's work restrictions with light-duty work assignments. Defendant denies the remaining allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies knowledge or information sufficient to form a belief as to the pain Plaintiff claims she experienced. Defendant denies the remaining allegations contained in Paragraph 39 of the Complaint.

40. Defendant admits that it accommodated Plaintiff. Defendant denies the remaining allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies that it required Plaintiff to push a heavy cart beyond her work restrictions. Defendant denies knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in Paragraph 41 of the Complaint and, therefore, deny such allegations.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and, therefore, denies such allegations.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant admits that Plaintiff submitted applications for employment with Baptist. Defendant denies the remaining allegations contained in Paragraph 45 and, therefore, denies such allegations.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff's reputation and reference to her craft and, therefore, denies such allegations. Defendant denies the remaining allegations contained in Paragraph 52 of the Complaint.

53. Defendant admits that on or about July 13, 2016, Plaintiff was terminated by Defendant and avers that her termination was classified as a voluntary resignation so Plaintiff

could re-apply for employment. Defendant denies the remaining allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant admits that it was aware of Plaintiff's diagnoses. Defendant denies the remaining allegations contained in Paragraph 60 of the Complaint.

**COUNT I - UNLAWFUL DISCRIMINATION, FLORIDA CIVIL RIGHTS ACT**

61. Defendant re-adopts, incorporates by reference, and re-alleges its responses to Paragraphs 1 through 60 [sic] as if fully set forth herein.

62. Defendant denies that it violated the FCRA. The remaining allegations contained in Paragraph 62 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

63. Defendant admits that it employed Plaintiff for the applicable time period. Whether Defendant is deemed to be an employer under the FCRA calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies such allegations. Defendant denies the remaining allegations contained in Paragraph 63 of the Complaint.

64. The allegations contained in Paragraph 64 of the Complaint, including all sub-Paragraphs thereto, call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

65. Defendant avers that it was aware of Plaintiff's injury and subsequent treatment. The remaining allegations contained in in Paragraph 65 of the Complaint, including sub-Paragraphs a and b thereto, call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

66. Defendant avers that Plaintiff requested and received certain work accommodations. The allegations contained in in Paragraph 66 regarding the reasonableness of Plaintiff's requests call for legal conclusions to which no response is required. To the extend a response is required, Defendant denies such allegations. Defendant denies the remaining allegations contained in Paragraph 66 of the Complaint, including sub-Paragraphs a through d thereto.

67. Defendant denies the allegations contained in Paragraph 67, including all sub-Paragraphs thereto.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

CASE NO. 19-CV-23798-WILLIAMS/TORRES

69. In response to the allegations contained in Paragraph 69, and all sub-Paragraphs thereto, Defendant denies the allegations and that Plaintiff is entitled to any of the relief sought therein.

In response to the unnumbered "Wherefore" clause following Paragraph 69 of the Complaint, Defendant denies that Plaintiff is entitled to judgment against Defendant or any of the relief specifically requested therein, including the relief requested in the unnumbered and unlettered sub-Paragraphs or sub-sections thereto.

### **COUNT II - UNLAWFUL DISCRIMINATION, AMERICANS WITH DISABILITIES ACT**

70. Defendant re-adopts, incorporates by reference, and re-alleges its responses to Paragraphs 1 through 60 [sic], as if fully set forth herein.

71. Defendant denies that it violated the ADA. The remaining allegations contained in Paragraph 71 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

72. Defendant admits that it employed Plaintiff for the applicable time period. Whether Defendant is deemed to be an employer under the ADA calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies such allegations. Defendant denies the remaining allegations contained in Paragraph 72 of the Complaint.

73. The allegations contained in Paragraph 73 of the Complaint, including all sub-Paragraphs thereto and footnote 1, call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations..

74. Defendant avers that it was aware of Plaintiff's injury and subsequent treatment. The remaining allegations contained in in Paragraph 74 of the Complaint, including

11

sub-Paragraphs a and b thereto, call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

75. Defendant avers that Plaintiff requested and received certain work accommodations. The allegations contained in in Paragraph 75 regarding the reasonableness of Plaintiff's requests call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

76. Defendant denies the allegations contained in Paragraph 76, including all sub-Paragraphs thereto.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78. In response to the allegations contained in Paragraph 78 and all sub-Paragraphs thereto, Defendant denies the allegations and that Plaintiff is entitled to any of the relief sought therein.

In response to the unnumbered "Wherefore" clause following Paragraph 78 of the Complaint, Defendant denies that Plaintiff is entitled to judgment against Defendant or any of the relief specifically requested therein, including the relief requested in the unnumbered and unlettered sub-Paragraphs or sub-sections thereto.

## **JURY TRIAL DEMAND**

79. Defendant admits that Plaintiff demands a jury trial, but denies there are any issues to be tried before a jury.

Defendant denies every allegation contained in the Complaint that has not been specifically admitted herein.

## STATEMENT OF DEFENSES

As separate and distinct defenses to the Complaint, Defendant alleges the following:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are, in whole or in part, barred by the applicable statute(s) of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust all administrative prerequisites and/or satisfy all conditions precedent to this action.

### FOURTH AFFIRMATIVE DEFENSE

Defendant made good-faith efforts to prevent discrimination in the workplace, and, therefore, cannot be liable for the decisions of its agents to the extent the challenged employment decisions were contrary to Defendant's efforts to comply with anti-discrimination statutes.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail and/or her recovery of damages is limited because Defendant exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior, and Plaintiff unreasonably failed to take advantage of Defendant's preventive or corrective opportunities or to avoid harm otherwise.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant asserts that, at all material times hereto, it had reasonable mechanisms in place to prevent and cure any discriminatory practices.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff was an at-will employee and her dismissal was based solely on good-faith business reasons, not involving any discriminatory action or animus.

**EIGHTH AFFIRMATIVE DEFENSE**

There were legitimate, non-discriminatory reasons for all employment decisions made regarding Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

Upon information and belief, all or part of Plaintiff's alleged mental anguish, personal suffering, loss of enjoyment of life, depression and/or other non-monetary losses were the result of other personal experiences unrelated to the facts and circumstances set forth in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's discrimination claims are barred on the grounds that, even if any decisions concerning Plaintiff was based in part on improper motives, which they were not, the same decisions would have been reached, absent any consideration of Plaintiff's exercise of rights under the applicable statutes such as the ADA and FCRA.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for damages is barred (or limited) to the extent it is shown in discovery she engaged in misconduct prior to, during, or in connection with her employment, that otherwise would have resulted in adverse employment actions being taken against Plaintiff if

such conduct were then known. Plaintiff is barred from recovery pursuant to the after-acquired evidence doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's recovery of damages in connection with her claims are barred, in whole or in part, by her failure to take reasonable steps to mitigate her damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

With regard to Plaintiff's claims, Defendant asserts that Plaintiff's interim earnings or amounts she could have earned with reasonable diligence should reduce any back pay otherwise recoverable by Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff would not be entitled to liquidated and/or punitive damages because Defendant's acts/omissions were done in good faith and Defendant had reasonable grounds for believing that any act or omission was not in violation of the ADA or FCRA.

## FIFTEENTH AFFIRMATIVE DEFENSE

All actions by Defendant with respect to Plaintiff's employment were in good faith and without intent to interfere with Plaintiff's alleged exercise of rights conferred by the ADA or FCRA.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, from the relief Plaintiff seeks by virtue of:

    a. The doctrine of estoppel;

    b. The doctrine of waiver; and

    c. The doctrine of laches.

CASE NO. 19-CV-23798-WILLIAMS/TORRES

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff complains of actions that are outside of the scope of her administrative charge, such claims are barred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Court, in whole or in part, lacks subject matter jurisdiction over Plaintiff's Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant asserts that it is not liable for any alleged wrongful acts taken by employees of Defendant which were taken outside the course and scope of their duties and which were not authorized, condoned or ratified by Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise additional affirmative defenses as discovery may reveal.

**WHEREFORE**, having fully answered the Complaint and having raised affirmative defenses thereto, Defendant respectfully requests that the instant action be dismissed, with prejudice, and that Defendant be awarded its costs, including reasonable attorneys' fees and costs, incurred in defense thereof.

[THIS SECTION INTENTIONALLY LEFT BLANK]

CASE NO. 19-CV-23798-WILLIAMS/TORRES

Dated:  September 19, 2018

>Respectfully submitted,
>
>JACKSON LEWIS P.C.
>One Biscayne Tower
>2 South Biscayne Boulevard, Suite 3500
>Miami, Florida 33131
>Telephone: (305) 577-7600
>
>By: *Scott S. Allen*
>Scott S. Allen, Esq.
>Florida Bar No.: 0143278
>E-mail:  *scott.allen@jacksonlewis.com*
>Lauren K. Goff, Esq.
>Florida Bar No. 1015854
>E-mail:  *lauren.goff@jacksonlewis.com*
>
>*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th of September 2019, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>*s/ Scott S. Allen*
>Scott S. Allen, Esq.

CASE NO. 19-CV-23798-WILLIAMS/TORRES

## **SERVICE LIST**

| | |
|---|---|
| Ramon Guillen, Jr., Esq. | Scott S. Allen, Esq. |
| Florida Bar No. 99789 | Florida Bar No. 143278 |
| E-mail: *rguillen.junior@gmail.com* | E-mail: *scott.allen@jacksonlewis.com* |
| GUILLEN & HIDALGO, P.A. | Lauren K. Goff, Esq. |
| 2850 S. Douglas Road, Suite 303 | Florida Bar No. 1015854 |
| Coral Gables, Florida 33134 | E-mail: *lauren.goff@jacksonlewis.com* |
| Telephone: (305) 244-2922 | JACKSON LEWIS P.C. |
| | One Biscayne Tower, Suite 3500 |
| *Counsel for Plaintiff* | 2 South Biscayne Boulevard |
| | Miami, Florida 33131 |
| | Telephone: (305) 577-7600 |
| | |
| | *Counsel for Defendant* |